* This panel unanimously finds this case suitable for decision without oral argument. *See*

For that reason, the Hobbs Act count does not necessarily embody conduct that was treated as an adjustment to the guideline that applied to the drug counts, and it was not plain error to fail sua sponte to group the offenses under § 3D1.2(c).

AFFIRMED.

Richard Franklin DUENAS, Petitioner—Appellant,

v.

George GALAZA; Bill Lockyer, Attorney General, Respondents—Appellees.

No. 00–57032.

D.C. No. CV–99–02494–JNK.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2003.*

Decided Dec. 9, 2003.

Fed. R.App. P. 34(a)(2).

Richard Franklin Duenas, pro se, Corcoran, CA, Jeff Price, Esq., Los Angeles, CA, for Petitioner–Appellant.

Robert M. Foster, Deputy Atty. General, AGCA–Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before KOZINSKI and NOONAN, Circuit Judges, and SCHWARZER, District Judge.**

MEMORANDUM ***

1. The district court did not err in denying Duenas's habeas petition. Under *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), and *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), Duenas's sentence is not cruel and unusual in violation of the Eighth Amendment.

2. Duenas's claim that the California trial court abused its discretion in refusing to reduce his crime to a misdemeanor does not raise a federal question, and thus is not properly before us. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir.1994).

AFFIRMED.

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.